# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TERRI BRADLEY,

        Plaintiff,

vs.                                                                      Case No. 6:12-cv-1348-Orl-37TBS

CITY OF ST. CLOUD; PETE
GAUNTLETT; and FRAN RINEHART,

        Defendants.

## ORDER

This cause is before the Court on the following:

1.    Defendants' Amended Motion to Dismiss (Doc. 16), filed February 21, 2013;[1] and

2.    Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. 26), filed March 22, 2013.

## BACKGROUND

Plaintiff, Terri Bradley, brought this lawsuit against her former employer, the City of St. Cloud, and her former supervisors, Pete Gauntlett and Fran Rinehart. (Doc. 1, ¶¶ 1, 3–9.) Bradley was employed by the City as a police officer. (*Id.*) She alleges that, while employed by the City, she attempted to take medical leave pursuant to the Family Medical Leave Act ("FMLA"). (*Id.* ¶¶ 7–15.) She alleges that Defendants "denied and/or interfered" with her FMLA leave and retaliated against her for attempting to take medical

---

[1] Defendants filed their original motion to dismiss four days before filing the amended motion. Plaintiff did not object to this amended filing and responded to it rather than the original motion. As such, the Court will deny the original motion as moot and proceed to analyze the issues raised in the amended motion.

leave. (*Id.* ¶¶ 7–15.)

Bradley also alleges that she suffers from asthma and, as such, is disabled under the Americans With Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"). (*Id.* ¶¶19–20.) She alleges that she asked the City for "reasonable accommodations" in view of her disability, but that the City not only denied her request but Defendants then harassed her for making the request. (*Id.* ¶¶ 21–25.) She asserts that she complained to "upper management" regarding this harassment and, when she did so, the City intentionally retaliated against her for opposing Defendants' unlawful employment practices. (*Id.* ¶¶ 28–28.)

Bradley also contends that she was discriminated against and harassed because of her gender. (*Id.* ¶¶ 28–29.) She complained to "upper management" about this treatment as well. (*Id.* ¶ 30.) She alleges that the City retaliated against her for making her complaints and eventually terminated her employment. (*Id.* ¶ 31.)

In addition, Bradley alleges that she contracted pneumonia as a result using her assigned vehicle, which was contaminated with mold. (*Id.* ¶¶ 36.) She asserts that she notified her supervisors of her illness, completed an incident report, and applied for worker's compensation benefits. (*Id.* ¶¶ 37–39.) Bradley alleges that Defendants retaliated against her because she sought such benefits. (*Id.* ¶ 40.)

Bradley alleges that the Defendants also interviewed her neighbors, asking them questions about her personal affairs, viewed her medical records without her authorization, and altered documents so as to cause the Florida Department of Law Enforcement to investigate her. (*Id.* ¶¶ 48–52.)

Based on these allegations, Bradley brings 16 claims against Defendants. In Court I, she alleges Defendants violated the FMLA by interfering with her medical leave.

In Count II, she brings an unlawful retaliation claim under the FMLA against Defendants. In Count III, Bradley contends the City violated the American With Disabilities Act ("ADA") when is refused to provide her with reasonable accommodations. In Count IV, she claims the City violated the ADA when it retaliated against her for her opposition to the City's unlawful employment practices. Bradley brings a disability discrimination claim against the City under the Florida Civil Rights Act (FCRA") in Count V. She brings acclaim of gender discrimination under Title VII against the City in Count VI. In the next count, she brings the same claim under the FCRA. In Count VIII, Bradley seeks damages form the City under Title VII for the City's retaliation against her. She brings the same claim against the City under the FCRA in Count IX. She alleges, in Count X, that the City retaliated against her in violation of Florida law for seeking worker's compensation benefits. In Count XI, Bradley brings a claim under 42 U.S.C. § 1983, arguing that all the Defendants violated her "constitutional right to personal security and to bodily integrity. In Count XII, Bradley brings a negligent retention and supervision claim against all Defendants for failing to prevent their employees from "engaging in unlawful behavior." She brings a negligent infliction of emotional distress claim in Count XIII against all Defendants, and an intentional infliction of emotional distress claim against all Defendants in Count XIV. She alleges, in Count XV, that the City's investigation of her was an invasion of privacy. Her last claim, in Count XVI, is for tortious interference with business relationships against all Defendants.

Defendants move to dismiss the complaint for failure to state a claim. (Doc. 16.) Plaintiff opposes. (Doc. 26.)

**STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## DISCUSSION

**A.  Count I and Count II**

Defendants contend that (1) FLMA claims cannot be brought against Gauntlett and Rinehart because they were sued in their individual capacities. Plaintiff does not dispute this, and requests leave to drop such claims. The Court construes Plaintiff's response to be a voluntary dismissal of her FMLA claims against Gauntlett and Rinehart. Such claims therefore are dismissed.

Defendants also contend Plaintiff cannot seek compensatory damages under the FMLA and, therefore, her request for such damages should be dismissed. In her response, Plaintiff seeks leave to amend her claims to remove her request for compensatory damages. The Court construes Plaintiff's response as an admission that she cannot recover compensatory damages under the FMLA. Therefore, the Court directs her to remove such damages in her amended complaint.

**B.  Count III**

Defendants argue that Plaintiff cannot be awarded prejudgment interest for her ADA claims but that the ADA only permits awards of prejudgment on an award of back-

4

pay. Plaintiff contends that she can receive prejudgment interest on her compensatory damages. Because Defendants concede that Plaintiff can be awarded prejudgment interest in some circumstances, the Court denies this request.[2]

## C.     Count IV

Defendants argue that an award of compensatory damages is not available on ADA retaliation claims. Plaintiff contends they are available. The pleadings are sufficient to place Defendants on notice of Plaintiff's claims. Therefore, this portion of the Motion to Dismiss is denied.

## D.     Count X

Defendants contend Plaintiff cannot be awarded attorney's fees on her claim of worker's compensation retaliation and that she cannot receive an award of triple damages. Plaintiff concedes that she cannot. Therefore, the Court grants this portion of Defendants' motion.

## E.     Count XI

Defendants argue that Plaintiff's Section 1983 claim is one for substantive due process and that it fails because she alleges no facts that "literally shock the conscience." Plaintiff does not dispute that her claim is a substantive due process claim. She contends that Defendants' refusal to assign her a mold-free vehicle was intentional and conscious-shocking because they knew, as an asthmatic, that she susceptible to injury in such an environment.

Substantive due process protects fundamental rights and liberty interests. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Such claims are not available to

---

[2] The Court holds the same for all other requests to dismiss the Plaintiff's requests for prejudgment interest.

challenge the non-legislative acts of local governments, such as employment decisions in this case. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc) (holding substantive due process claims are not available to actions involving employment disputes). The claims in Count XI are therefore dismissed without prejudice.

**F.     Count XII**

Defendants contend that Plaintiff's claim for negligent retention and supervision cannot be maintained against Gauntlett and Rinehart, and that Plaintiff's claims are barred by Florida's Workman's Compensation scheme. Plaintiff contends that her negligent retention and supervision is based on intentional conduct and, as such, is not barred the Workman's Compensation statute.

The paragraphs that set out Plaintiff's claim for negligent retention and supervision allege no facts in support but rather refer back to all of the general allegations of the complaint. Rather than set forth specifics, Plaintiff contends that Defendants "engaged in the unlawful behavior described herein above." Put simply, these allegations in no way place Defendants on notice as to the basis of this claim. The reference to nearly all the factual allegations in a complaint such as this, which is not focused but rather a hodgepodge of incidents, does not adequately state the factual basis of Plaintiff's claims. Furthermore, because some of those allegations involve a claim for workman's compensation benefits, it is clear that at least some of the factual bases of Plaintiff's claims would be barred by the exclusivity defense of the Worker's Compensation Act. *See Studstill v. Borg Warner Leasing*, 806 F.2d 1005, 1007–08 (11th Cir. 1986).

Therefore, the Court finds that Defendants' motion is well-taken. This claim is dismissed without prejudice. Plaintiff shall provide specific allegations of fact that form

the basis of this claim should she choose to include it in her amended pleading.[3]

**G.   Count XIII**

Defendants argue that Florida law prohibits claims such as Plaintiff's negligent infliction of emotional distress claim from being brought against Gauntlett and Rinehart. They also seek dismissal of Plaintiff's claims of entitlement to an award of attorney's fees and treble damages. Plaintiff concedes she is not entitled to an award of attorney's fees and treble damages, but argues that it is too soon for her to determine whether the statute waiving Florida's sovereign immunity applies to Defendants' conduct.

Plaintiff alleges that Defendants acted intentionally and with malice and reckless disregard. (Doc. 11, ¶ 53.) If Gauntlett or Rinehart acted in that fashion, as alleged, Section 768.28 of the Florida Statutes bars Plaintiff's negligent infliction of emotional distress claim brought against the City. For the same reason, that statute does not bar Plaintiff's claims against Gauntlett or Rinehart.

The Court therefore dismisses (without prejudice) only Plaintiff's claims for negligent infliction of emotional distress against the City.

**H.   Count XIV**

As in Count XIII, because Plaintiff alleges that Defendants acted intentionally and with malice and reckless disregard, Section 768.28 of the Florida Statutes bars Plaintiff's intentional infliction of emotional distress claim brought against the City. It is dismissed without prejudice.

Defendants argue further that Plaintiff's intentional infliction of emotional distress

---

[3] The Court declines to address the sovereign immunity argument raised by Defendants because the claims do not contain sufficient factual matter for the Court to determine whether the claims are based on a City employee who was acting within the course and scope of his employment.

7

claims must be dismissed because the alleged conduct is not so outrageous as to provide a basis for this claim. The Court agrees. At bottom, Plaintiff alleges that she became ill after being exposed to a city vehicle that was contaminated by mold. This does not form a factual basis for conduct that is so outrageous so as to support a claim of intentional infliction of emotional distress. *See Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985) (instructing Florida courts to evaluate the alleged conduct as objectively as is possible to determine whether it is "atrocious, and utterly intolerable in a civilized community," and holding that someone asserting their "legal rights in a legally permissible way" is not outrageous conduct).

As such, Plaintiff's claims for intentional infliction of emotional distress are dismissed without prejudice.

**I.     Count XV**

Defendants argue that Plaintiff has not alleged a factual basis on which she can claim an invasion of privacy. Plaintiff contends that the allegations that the City investigated her and viewed her medical records, at the hospital and without her authorization, are sufficient facts on which to base an invasion of privacy claim.

There are four possible torts commonly referred to as invasion of privacy: unreasonable publicity about private life, unreasonable intrusion upon seclusion, appropriation of name or likeness, and publicity that places one in a false light before the public. *See, e.g.*, *Williams. v. City of Minneola*, 575 So. 2d 683, 689 n.5 (Fla. 5th DCA 1991). Only the first three torts are recognized under Florida law, and only the first two may form a basis on the facts alleged by Plaintiff. *See Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1114 (Fla. 2008) (declining to recognize a claim for false light invasion of privacy separate from defamation).

The complaint does not supply a clear indication as to the legal or factual basis for Plaintiff's claim. It is not clear from the allegations of the complaint whether Plaintiff's claim is that Defendants unreasonably publicized details of her private life or whether she contends their investigation was an unreasonable intrusion upon seclusion. If the legal basis of the claim was the first, then she must allege facts on which the Court can find publication to the public in general or to a large number of persons. *See, e.g.*, 867 F.2d 1311, 1315 (11th Cir. 1989). Comments, even offensive comments, that were made to "one individual or a few" are not actionable. *Id.* Rather, Defendants must have published Plaintiff's private information to a large number of people. *See id.* The Court cannot say, based on the factual allegations of the complaint, that Defendants published Plaintiff's private facts in this way. Therefore, she has failed to state a claim under this legal theory.

Plaintiff's claim may also be one for unreasonable intrusion upon seclusion. The Florida Supreme Court has not expressly adopted the definition of this tort found in the Restatement (Second) of Torts, which broadly defines it as a claim against one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another. Restatement (Second) of Torts § 652B (1977). Rather, the only definition of this tort of which this Court is aware is set forth by the Florida Supreme Court in *Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003). In that case, the court defined an invasion of intrusion claim as "physically or electronically intruding into one's private quarters." In *Ginsberg*, the Court reasoned that such a claim is based on the "right of a private person to be free from public gaze" and, therefore, it required an unreasonable intrusion into a "place." *Id.* Because Plaintiff does not allege that Defendants intruded into her

home or another private place, she has not alleged facts in support of this claim.[4]

For these reasons, Plaintiff's claims for invasion of privacy are dismissed without prejudice.

**J.      Count XVI**

Defendants argue that Plaintiff's claim for tortious interference with business relationship against Gauntlett and Rinehart must fail because they are her supervisors and, as such, are not third parties to the employment relationship.[5] Plaintiff argues, without citation to authority, that these claims should be permitted if Gauntlett and Rinehart were acting outside the scope of their employment.

In Florida, this claim has four elements: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 814 (Fla.1994). One cannot tortuously interfere with a contract to which it is a party. *See Ethyl Corp., Balter*, 386 So. 2d 1220, 1224 (Fla. 3d DCA 1980). As such, Florida courts generally hold that an agent cannot he held liable for tortuously interfering with the contract of his principal because the agent is privileged to act in the principal's best interest. *See Slaon v. Sax*, 505 So. 2d 526, 528 (Fla. 3d DCA 1987). If the agent, however, acts outside the scope of agency or

---

[4] The definition of this tort in Florida therefore appears to be narrower than the definition found in the Restatement. See Oppenheim v. I.C. Sys., Inc., 659 F. Supp. 2d 1303, 1308 n.2 (M.D. Fla. 2010) (Whittemore, J.) (adopting the definition in *Ginsberg* while noting that it is much narrower than the definition used in the Restatement).

[5] Defendants also contend that various remedies are not available to Plaintiff. Because Plaintiff concedes that she is not entitled to these remedies, the Court directs her to remove

is not acting in the principal's best interest, Florida courts will treat the agent as a third party to the contract. *See, e.g.*, *O.E. Smith's Sons, Inc. v. George*, 545 So. 2d 526, 528 (Fla. 1st DCA 1989).

The Court does not construe this count as alleging a claim for tortious interference with her employment contract with the city. Rather, the allegations of the complaint make it sufficiently clear that this claim is directed toward her inability to find future employment. Thus, the parties' arguments regarding whether Gauntlett and Rinehart are third parties to the contract are irrelevant. Presumably all Defendants would be third parties to Plaintiff's unspecified future employment relationships.

Nevertheless, the allegations of the complaint fail to state a claim for tortious interference with business relationship. A plaintiff may properly bring a cause of action alleging the tortious interference with present or prospective business relationships. *Ferguson Transp., Inc. v. North American Van Lines, Inc.*, 687 So. 2d 821, 821 (Fla. 1996). No cause of action exists for tortious interference with one's relationship to the community at large. *Ethan Allen, Inc.*, 647 So. 2d at 815. Similarly, a speculative hope of a future business relationship is not sufficient to maintain a claim. *See id.* Rather, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement that in all probability would have been completed if the defendant had not interfered. *Id.*

In this case, the factual allegations of the complaint in no way identify an employment opportunity that would have been completed but for Defendants' interference. *See, e.g.*, *Southern Alliance Corp. v. City of Winter Haven*, 505 So. 2d 489, 495–96 (Fla. 2d DCA 1987) (dismissing tortious interference with a business relationship claims brought against a municipality's employees because plaintiff, which

operated a bar that was closed by the defendant employees in response to violations of the municipal fire safety code, did not have an identifiable business relationship with its future customers).

For this reason, Plaintiff's tortious interference with a business relationship claims must be dismissed without prejudice.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss (Doc. 15) is **DENIED AS MOOT**; and

2. Defendants' Amended Motion to Dismiss (Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**, as discussed in this order. Plaintiff shall file an amended complaint consistent with this Order on or before July 10, 2013.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 25, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record